UNITED STATES of America, Plaintiff–Appellee,

v.

Hector TAFOLLO–CARDENAS, Defendant–Appellant.

No. 88–1494.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 1989.

Decided Feb. 22, 1990.

---

* The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation.

Steven Emery Teich, San Francisco, Cal., for defendant-appellant.

Rory Little, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT, HUG and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider if the government deprived the defendant of his constitutional rights when it deported a witness before trial and if the district court improperly admitted prior inconsistent statements of a second witness as substantive evidence.

## BACKGROUND

In July 1988 Veronice Orozco–Contreras arrived in San Francisco from Guadalajara, Mexico. Customs officials observing her became suspicious that she might be involved in smuggling, conducted a pat down search and discovered heroin wrapped in white gauze around her waist.

After Drug Enforcement Administration agents arrived and advised Contreras in Spanish of her rights, she waived them and agreed to cooperate with the agents. At first, she told them that she was to give the heroin to a man in a red shirt. Then, she changed her story and said that she had received the heroin from Benjamin Cardenas in Mexico and was to deliver it to his brother, Hector Cardenas, in Oakland. She was to receive $2,000 as courier. She also described an earlier trip to San Francisco in May 1988 when she had taken two packages of heroin from Hector in Mexico and delivered them to Benjamin who was then in the United States.

Cooperating with the agents, Contreras phoned Hector Cardenas. She asked him to pick her up and told him that she still had the drugs. The agents taped this conversation. When Cardenas arrived at the airport with Mario Vega, they circled the airport four times. Vega then entered the terminal to get Contreras and Cardenas followed to observe. Agents arrested them when Vega met Contreras.

The government indicted Cardenas and Contreras but dismissed charges against Vega and deported him. Contreras pleaded guilty to conspiracy to import heroin. A jury convicted Cardenas of a variety of narcotics offenses, including conspiracy to import heroin and possession with intent to distribute heroin.

## ANALYSIS

### I. Deportation of Vega

Cardenas asserts that the district court erred in not dismissing the indictment because his rights to due process, to compulsory process and to confrontation were violated when the government deported Vega.

■ The mere fact that the government deports a witness will not establish a violation of the Compulsory Process Clause of the Sixth Amendment or of the Due Process Clause of the Fifth Amendment.

*United States v. Valenzuela–Bernal*, 458 U.S. 858, 872–73, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982). Before sanctions will be imposed on the government, the defendant must make a "plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses." *Id.* at 873, 102 S.Ct. at 3449; *United States v. Cervantes–Gaitan*, 792 F.2d 770, 773 (9th Cir.1986). He must show also that there was a reasonable likelihood that the testimony would have affected the judgment. *Bernal*, 458 U.S. at 873–74, 102 S.Ct. at 3449–50. If he establishes a violation of the Fifth or Sixth Amendment, the indictment shall be dismissed. *Id.; United States v. Fierros*, 692 F.2d 1291, 1296 (9th Cir.1982), *cert. denied*, 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983).

■ Although Cardenas argued that Vega's testimony would have been material and favorable to his defense, the district court found that he failed to make a plausible showing of either. We agree.[1]

Cardenas contends that Vega would testify in contradictory ways. He argued first that Vega would testify in accord with his initial statement that neither he nor Cardenas was involved in drug trafficking. However, Cardenas also contended that Vega would testify that he was the distributor of heroin and that Cardenas only drove the car to the airport. (RT 2–233–34)

The district judge properly resolved these contradictory assertions, finding that Cardenas had not made a "plausible showing" of how Vega would testify but was merely guessing that he would testify favorably on a material matter. (RT 2–245) We shall not second guess the trial judge who was in a better position to sort out the contradictory allegations in light of the evidence at trial. We note also that Cardenas was with Vega and should know exactly what transpired. There is no reason for him to suggest that Vega would testify in

---

**1.** Cardenas also argued that the district court erred by requiring Cardenas "to prove" that Vega's testimony was material and favorable to the defense. The record does not support this assertion. Judge Orrick understood clearly that Cardenas was required to make a "plausible showing."

contradictory ways. *See Bernal,* 458 U.S. at 873, 102 S.Ct. at 3449.

If we assumed that Vega would testify favorably, as Cardenas suggests, those statements would have added nothing new and been "merely cumulative." *See id.* At trial, Cardenas testified that he and Vega drove to the airport to pick up a mutual friend and that they knew nothing about the heroin. Contreras corroborated his story by testifying that he merely picked her up at the airport, he was not involved in heroin smuggling, and she was to deliver the heroin to a man she met in Mexico.

Vega's testimony would have been "merely cumulative," and we do not find that there was a reasonable likelihood that hearing the story a third time would have "affected the judgment of the trier of fact." *See United States v. Nesbitt,* 852 F.2d 1502, 1519 (7th Cir.1988) (witness's testimony that the police broke down the door merely cumulative to the defendant's testimony and not critical); *cf. United States v. Winn,* 767 F.2d 527, 531 (9th Cir.1985) (defendant contended witness's testimony would have corroborated his explanation but court found that highly unlikely).

The district court did not err in denying the motion to dismiss.

## II. Admission of Contreras' Statements

■ When she was apprehended with the heroin, Contreras told agents that Benjamin Cardenas had given her the heroin in Mexico and she was to deliver it to his brother, Hector. Testifying at trial under a government compulsion order, she recanted. She admitted telling the authorities that she was to deliver the drugs to Hector but stated she lied for fear that she might go to prison. She said that the truth was that neither Hector nor his brother knew anything about the drugs. Instead she contended a man in Mexico gave them to her and he was to pick them up in the United States.

After Contreras testified, Cardenas requested an instruction that her prior statements could be used only for impeachment. The court denied that request, stating that they could come in as substantive evidence under an exception to the hearsay rule. Although the prosecutor presented a number of theories under which they might be admitted, the judge seemed persuaded that *United States v. Owens,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988), allowed their use as substantive evidence.[2]

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed.R.Evid. 801(c). It is admissible as substantive evidence only as provided by the Federal Rules of Evidence.[3] Fed.R.Evid. 802. We review the district court's decision to admit evidence for an abuse of discretion, and we shall reverse a conviction when a court erroneously admits hearsay unless that error was harmless. *United States v. Sanchez–Lopez,* 879 F.2d 541, 553–55 (9th Cir.1989) (citing *United States v. Cowley,* 720 F.2d 1037, 1045 (9th Cir.1983)).

Cardenas contends that Contreras' statements were inadmissible hearsay, that an instruction limiting their use for impeachment purposes should have been given and that admitting them without an instruction was not harmless. We agree and reverse the conviction.

---

2. Cardenas acknowledges that the prior statements were admissible to impeach Contreras. *See United States v. Tavares,* 512 F.2d 872, 874 (9th Cir.1975).

3. The government argues that the rationale of *United States v. Owens,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988), applies and would allow the court to admit the statements. *Owens* considered if the Confrontation Clause of the Sixth Amendment or Fed.R.Evid. 802 barred testimony of a prior out-of-court identification when the witness was unable, because of memory loss, to explain the identification. *Owens,* 108 S.Ct. at 840. Because Cardenas does not contend there was a Confrontation Clause violation and the government does not argue that Fed.R.Evid. 801(d)(1)(C) applies, *Owens* is not controlling. *See California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970) (Confrontation Clause not violated when declarant is unable to recall his prior testimony at a preliminary hearing but testifies as a witness subject to cross-examination at a subsequent trial.").

A statement is not hearsay if the declarant testifies at trial subject to cross examination and the statement was given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition. Fed.R.Evid. 801(d)(1)(A); *United States v. Castro–Ayon,* 537 F.2d 1055, 1057 (9th Cir.1976). Contreras' statements were inadmissible under Rule 801(d)(1)(A), because she did not give them under oath at a trial, hearing or other proceeding or in a deposition.

A statement against the declarant's interest is admissible if she is unavailable as a witness. Fed.R.Evid. 804(b)(3). Because Contreras testified at trial, the statements do not fall under that rule. *See United States v. Holland,* 880 F.2d 1091, 1093 (9th Cir.1989).

The government argues that Contreras' statements are admissible under Fed.R. Evid. 803(24) which says:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, *if the court determines that* (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules in the interest of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

(emphasis added)

■ Rule 803(24) has been accepted as a basis for admitting extra-judicial statements. *See, e.g., United States v. Renville,* 779 F.2d 430, 439–41 (8th Cir.1985); *United States v. Williams,* 573 F.2d 284, 288 (5th Cir.1978); *United States v. Iaconetti,* 540 F.2d 574, 577–78 (2d Cir.1976). However, in instances where the prosecutor failed to state the exception as grounds for admissibility or the court failed to find that the statement met the requirements of the rule, most appellate courts have refused to consider if it applied. *See, e.g., United States v. Hogan,* 763 F.2d 697, 703 (5th Cir.1985); *United States v. Guevara,* 598 F.2d 1094, 1100 (7th Cir.1979); *United States v. Palacios,* 556 F.2d 1359, 1363 n. 7 (5th Cir.1977); *but see United States v. Leslie,* 542 F.2d 285, 289–91 (5th Cir.1976) (although defendant argued that instruction was insufficient to prevent jury from considering statement as substantive evidence, appellate court found Rule 803(24) applied).

Here, the government first raised Rule 803(24) as a basis for admissibility in its amended jury instructions but the district court made no finding that it applied.[4] We shall not on appeal consider if Rule 803(24) applies because the court failed to exercise its discretion and find that it did. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 883 F.2d 1429, 1438 (9th Cir.1989); (citing *Fong v. American Airlines, Inc.,* 626 F.2d 759, 763 (9th Cir.1980)) (to admit statement court must find the existence of five factors); *but see United States v. Perlmuter,* 693 F.2d 1290, 1294 (9th Cir. 1982) (court addressed applicability of Rule 803(24) on appeal).

■ If the statements were inadmissible hearsay, an instruction admonishing the jury to consider them only for impeachment purposes should have been given. *See United States v. Ragghianti,* 560 F.2d 1376, 1379–80 (9th Cir.1977). We must reverse unless we find that admitting the hearsay without a limiting instruction was harmless under Fed.R.Crim.P. 52(a).

---

**4.** We make no comment on whether raising the applicability of Rule 803(24) in the amended jury instruction would have been sufficient notice to satisfy the Rule. *See United States v. Brown,* 770 F.2d 768, 771 (9th Cir.1985) (notice of reliance on Rule 803(24) must be given sufficiently in advance of trial or hearing to provide the adverse party with a fair opportunity to meet it).

■ Reviewing the record, we find harmful error. Without Contreras' statements, the evidence showed that she smuggled heroin into the United States, was apprehended by agents and agreed to cooperate with them. The most damaging piece of evidence against Cardenas, the tape recording, revealed that Contreras called him, told him she had not been searched and still had the drugs. He replied that they would talk later and he would pick her up immediately. However, her testimony was by far "the strongest" evidence against Cardenas, *see Tavares*, 512 F.2d at 875, and the government relied on the statements as substantive evidence. *See Hogan*, 763 F.2d at 703; *see also Ragghianti*, 560 F.2d at 1381 (conviction reversed where court failed to give a limiting instruction and case depended on credibility of witness); *United States v. McClain*, 531 F.2d 431, 437–48 (9th Cir.1976) (harmless error where evidence of guilt strong and hearsay testimony small part of record).

Because we reverse, we do not consider Cardenas' other allegations.

REVERSED AND REMANDED.