977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse Gonzales FLORES, Defendant-Appellant.
 No. 91-10128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesse Gonzales Flores appeals his conviction for conspiracy to distribute cocaine under 21 U.S.C. 846 (1988) and possession with intent to distribute cocaine under 21 U.S.C. 841(a)(1) (1988). We affirm.
 
 
 3
 * Flores' Statement To Probation Officer Chassen
 
 
 4
 Defendant Jesse claims co-defendant Flores' prior inconsistent statement to probation officer Chassen was inadmissible hearsay which required an "instruction limiting its use only for impeachment ... to avoid its being used as substantive proof." Tafollo-Cardenas, 897 F.2d 976, 978-80 (9th Cir.1990); United States v. Ragghianti, 560 F.2d 1376, 1380 (9th Cir.1977).
 
 
 5
 The government contends the statement was not hearsay because it was elicited for impeachment, not for the truth of the matter asserted. The government cites several cases for the proposition that prior inconsistent statements of a witness may be used to impeach his credibility. Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1356 (9th Cir.1988); United States v. Morgan, 555 F.2d 238, 242 (9th Cir.1977); United States v. Castro-Ayon, 537 F.2d 1055, 1057) (9th Cir.), cert. denied, 429 U.S. 983 (1976). The government argues the failure to label the evidence "impeachment" at the time of its admission does not invalidate its use. Pope, 850 F.2d at 1356.
 
 
 6
 Defendant Jesse is correct in his assertion that Flores' prior inconsistent statement, if offered for the truth of the matter asserted, would be inadmissible hearsay. Such a statement would not be hearsay only if the declarant testifies at trial subject to cross examination and the statement was given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition. Fed.R.Evid. 801(d)(1)(A); United States v. Tafollo-Cardenas, 897 F.2d 976, 980 (9th Cir.1990). Co-defendant Flores' statement was inadmissible under Rule 801(d)(1)(A) because he did not give it under oath at a trial, hearing or other proceeding, or in a deposition. Rather, it was given in the course of an informal interview with Flores' probation officer.
 
 
 7
 The government does not dispute the statement was not made under oath at a trial, hearing or other proceeding, or in a deposition. Nor does the government contend the statement is admissible under one of the exceptions to the hearsay rule. Instead, the government argues the statement is not hearsay because the government offered it for impeachment purposes only and not as substantive proof Flores hired defendant to assist him in the cocaine transaction.
 
 
 8
 The government's argument is not persuasive, however, because the standard for whether inadmissible hearsay is offered for impeachment purposes or for the truth of the matter asserted is not the subjective intent of the offering party. The rule in this circuit is where inadmissible hearsay is admitted, an instruction admonishing the jury to consider the statement only for impeachment purposes must be given. Otherwise, the jury might consider the evidence for the truth of the matter asserted. See United States v. Tafollo-Cardenas, 897 F.2d 976 (9th Cir.1990); United States v. Ragghianti, 560 F.2d 1376 (9th Cir.1977). Thus, the government's argument that the evidence was offered only for impeachment fails because: (1) the government did not so indicate; (2) the government did not offer a limiting instruction; and, (3) the judge did not give a limiting instruction to that effect.
 
 
 9
 The government cites Pope, 850 F.2d at 1356, for the proposition that this court "reject[ed] any suggestion that lawyers must recite formal incantations of each intended use and application of proffered evidence." However, the government's argument ignores the fact that the prior inconsistent statement in Pope was given in a deposition and the court, therefore, ruled it was not inadmissible hearsay. Moreover, the plaintiff asserted her prior inconsistent statement was introduced only to impeach her and could not be used as substantive evidence. The court's holding in Pope that a prior inconsistent statement may come in as substantive evidence is not applicable to the present case because the statement in Pope was not hearsay.
 
 
 10
 Similarly, the government's reliance on United States v. Morgan, 555 F.2d 238, 242 (9th Cir.1977), and United States v. Castro-Ayon, 537 F.2d 1055, 1057 (9th Cir.), cert. denied, 429 U.S. 983 (1976), for the proposition that prior inconsistent statements may be used to impeach credibility is irrelevant because these cases involve prior inconsistent statements which were not hearsay.
 
 
 11
 Finally, the government distinguishes United States v. Tafollo-Cardenas, 897 F.2d 976 (9th Cir.1990) on the basis that there the defense requested a limiting instruction. In the present case, the defendant did not request a limiting instruction. The government argues it was the district court's refusal to give a requested instruction which triggered reversal in Tafollo-Cardenas. While this point is relevant as to the standard of review, it is irrelevant as to the determination of whether Flores' prior inconsistent statement is inadmissible hearsay. We conclude Flores' prior inconsistent statement is inadmissible hearsay.
 
 II
 The Applicable Standard Of Review
 
 12
 Defendant Jesse failed to object to the introduction of Flores' prior inconsistent statement. Defendant Jesse also failed to request or propose a curative limiting instruction. Thus, the court reviews for plain error only. United States v. Musacchio, 968 F.2d 782, 791 (9th Cir.1992); United States v. Ragghianti, 560 F.2d 1376, 1381 (9th Cir.1977).
 
 
 13
 Plain error is a highly prejudicial error affecting substantial rights and is found only in exceptional circumstances. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989) (quoting United States v. Ramos, 861 F.2d 228, 230 (9th Cir.1988)). It must be highly probable that the error materially affected the verdict. Id.
 
 III
 The Evidence
 
 14
 In light of the other evidence, we cannot hold the admission of the inadmissible hearsay and the ensuing failure to provide a limiting instruction were plain error. Aside from Flores' prior inconsistent statement, there was substantial evidence from which a jury could have reasonably concluded the defendant was guilty of the crimes charged. The defendant accompanied Flores to the first meeting with the buyer, Agent Avila. He provided specific information as to the location of the cocaine. He travelled with Flores to retrieve the cocaine. After obtaining the cocaine, he travelled to the Peppermill restaurant then to the El Torito parking lot, and back to the Peppermill restaurant. Finally, he told Agent Avila after his arrest, that he had voluntarily become involved in the deal for $300.
 
 
 15
 Defendant argues most of this evidence is based on the credibility of Agent Avila, and when credibility is the key issue in the case and where the inadmissible hearsay is the "strongest" evidence against the defendant, the court must find plain error. Defendant points to Ragghianti for the proposition that when credibility is the issue, failure to give a limiting instruction, even sua sponte, requires reversal. Ragghianti, 560 F.2d at 1381.
 
 
 16
 Ragghianti is distinguishable. In Ragghianti, the defendant was charged with aiding and abetting in the commission of a bank robbery. Id. at 1377. The defendant was never seen during the actual robbery. Rather, the defendant was first seen with the bank robber in the back seat of the defendant's car, some 15 or 20 minutes later. Id. at 1378. Two witnesses including the bank robber himself corroborated the defendant's alibi that he was shopping when the robber robbed the bank and made his escape. Thus, the sole contested issue on the charge of aiding and abetting was the defendant's claim of an alibi. Id.
 
 
 17
 In Ragghianti, one of the corroborating witnesses had previously made statements to an F.B.I. agent which contradicted her testimony as well as the testimony of the other witness and the defendant at trial. Id. at 1380. The court ruled that where the judge did not admonish the jury at the time the prior inconsistent statement was given nor did the judge give a limiting instruction, it was plain error requiring a new trial despite the lack of objection or any request by defense counsel for a limiting instruction. Id. at 1381. The court cited Bartley v. United States, 319 F.2d 717, 719 (D.C.Cir.1963), and United States v. Lipscomb, 425 F.2d 226, 227 (6th Cir.1970), but then stated:
 
 
 18
 These cases may not be controlling in every situation. But where the defendant's alibi, which was the sole issue in the case, had to stand or fall on the question of credibility, the failure to give a limiting instruction confirms our decision that this case must be reversed and remanded for a new trial.
 
 
 19
 Ragghianti, 560 F.2d at 1381.
 
 
 20
 In the present case, the defendant was present throughout both meetings between the buyer, Agent Avila, and Flores. The defendant was observed at the first meeting between Avila and Flores where Flores was shown the buy money. He was then seen driving to an apartment complex where the drugs were picked up. He was seen entering the patio area of an apartment with Flores. He was observed driving to the site of the sale. He was observed driving from the Peppermill restaurant, then to the El Torito parking lot where he, Flores, and Campos met Agent Avila. He as observed walking back with Flores, Campos, and Avila to the Peppermill, where the gray Mustang containing the drugs was located. All of this evidence is testimony from officers other than Avila who observed the defendant. This evidence does not depend on Agent Avila's credibility.
 
 
 21
 Moreover, Flores' testimony seems to confirm Avila's testimony that Avila asked who was in charge, the defendant or Flores, because the defendant was so involved in the conversation. On cross-examination, Flores engaged in the following colloquy:
 
 
 22
 A. I told you that I asked him (Jesse) to come and show Agent Avila how far Newark was. And then after that I was telling him about the hotel. And he goes, "Well, who am I talking to? Who am I--Who is--who am I supposed to talk to? And I go, "Me." And then Jesse just--you know, he goes, "him"? "Yeah." And in the car the radio was sounding and the door was open.
 
 
 23
 Q. So after Agent Avila asked who the boss was, and you said Jesse went back to the car?
 
 
 24
 A. Yes.
 
 
 25
 A jury could reasonably conclude from this testimony that Jesse had indeed indicated that Flores was the person in charge. This evidence does not depend on Avila's credibility.
 
 
 26
 A reasonable jury could conclude on the basis of this evidence alone that the defendant knew about the drug transaction and intended to possess and distribute cocaine. Thus, the present case is distinguishable from Ragghianti because, contrary to the prior inconsistent statement in Ragghianti where the government's case stood or fell on the question of credibility, the defendant's guilt in this case did not stand or fall on the issue of credibility.
 
 
 27
 Defendant also points to Tafollo-Cardenas for the proposition that when the prior inconsistent statement is the "strongest" evidence against the defendant, it is plain error for the judge to have failed to give a limiting instruction. However, in Tafollo-Cardenas, defense counsel requested a limiting instruction and, therefore, the court reviewed the case for abuse of discretion. In the present case, defense counsel made no objection and requested no limiting instruction. We must review for plain error which is a much tougher standard than that applied in Tafollo-Cardenas. Due to the existence of other powerful evidence upon which the jury could rely for its determination, there was no plain error. Because we hold there was no plain error in the admission of the prior inconsistent statement in the first instance, we hold there was no plain error in the "republication" of the prior inconsistent statement.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3