33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. ELSBERG, Defendant-Appellant.
 No. 93-30333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Elsberg appeals his conviction following a jury trial for conspiracy to distribute marijuana, in violation of 21 U.S.C. Sec. 846; distribution of marijuana, in violation of 21 U.S.C. Sec. 841(a)(1); and knowingly transferring a firearm in furtherance of the distribution of marijuana, in violation of 18 U.S.C. Sec. 924(h). Elsberg contends: (1) the district court erred in failing to instruct the jury that Elsberg was on trial only for the crimes charged in the indictment; (2) the prosecutor improperly vouched for the credibility of witnesses; (3) the district court erroneously admitted hearsay; and (4) the cumulative effect of the errors necessitates reversal. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. Sec. 3472 and 28 U.S.C. Sec. 1291. We affirm.
 
 Jury Instructions
 
 3
 Elsberg contends the district court's failure to instruct the jury that Elsberg was only on trial for the crimes charged in the indictment makes it more likely than not that testimony that he had sold marijuana for two years prior to his arrest for the crimes charged in the indictment affected the verdict. Elsberg did not request a limiting instruction at the time the testimony was elicited. [TR 82:18-25; 83:1-11]. Subsequently, he requested the court to instruct the jury that "David A. Elsberg, Jr., is not on trial for any act or any conduct not specifically charged in the indictment." [TR 186:2-11].
 
 
 4
 We review jury instructions for abuse of discretion, viewing the instructions as a whole. United States v. Wauneka, 842 F.2d 1083, 1988 (9th Cir.1988). A trial court exercises substantial latitude in tailoring jury instructions so long as the instructions fairly and adequately cover the issues presented. Id. Neither party is entitled to particular language in a proposed jury instruction. Id. A court may refuse to give a proposed instruction that is redundant of instructions already given. United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992).
 
 
 5
 The government contends Elsberg's proposed instruction is redundant because Instructions Number 9 and 12 adequately addresses the issue. We conclude the district court properly acted within its discretion in refusing to issue Elsberg's proposed instruction because Instructions 9 and 12 adequately address the issue posed by Elsberg's proposed instruction. Like Elsberg's proposed instruction, Instructions 9 and 12 instruct the jury that Elsberg is only charged with the crimes listed in the indictment. While Instructions 9 and 12 do not specifically caution the jury that Elsberg is not charged with his prior marijuana sales, neither does Elsberg's proposed instruction.
 
 Vouching for Witness' Credibility
 
 6
 Elsberg contends the prosecutor improperly vouched for witnesses on three occasions. The government may not vouch for the credibility of its witnesses. United States v. Simtob, 901 F.2d 799, 805 (9th Cir.1990). Vouching takes place if the government puts its prestige behind a witness or implies the government has taken steps to assure a witness's veracity. Id. Indications by the prosecutor that information not presented to the jury supports a witness's testimony violates the prohibition against vouching. United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980) (Roberts ). A prosecutor's inquiry on direct examination of whether testifying truthfully constitutes part of the plea agreement does not constitute vouching. United States v. Necoechea, 986 F.2d 1273, 1278 (9th Cir.1993) (Necoechea ). Such a question does not imply the prosecutor can guarantee the truthfulness of the testimony, refer to extra-record facts, or reflect a personal opinion. Id. at 1278-79. In determining whether vouching occurred, we consider whether the questioned remarks could fairly be construed as based on the prosecutor's personal knowledge apart from the evidence in the case and might have been so understood by the jury. Roberts, 618 F.2d at 533-34.
 
 
 7
 As Elsberg failed to object at trial, we reverse only if any error rises to the level of plain error. Fed.R.Crim.P. 52(b); United States v. Wallace, 848 F.2d 1464, 1473 (9th Cir.1988) (Wallace ). We recognize only serious errors that "affect the fairness, integrity or public reputation of judicial proceedings." Wallace, 848 F.2d at 1473. We reverse only if a miscarriage of justice would otherwise result. Id. We review the alleged error in the context of the entire record to determine if it constitutes plain error. Id. Elsberg bears the burden of specifically showing prejudice. United States v. Olano, 113 S.Ct. 1770, 1778 (1993).
 
 
 8
 Elsberg first contends the prosecutor improperly vouched for the veracity of Christian's and Romano's testimony when he stated, "I have a difficult time eliciting information from people unless I'm willing to trade something to them." [TR 218:17-25; 219:1-3]. We reject Elsberg's contention. This statement reflects an attempt to restore these witnesses' credibility in response to Elsberg's attack on their credibility, which does not constitute vouching. See Necoechea, 986 F.2d at 1279.
 
 
 9
 Elsberg next contends that the prosecutor's statement that the witnesses were given consideration in exchange for their testimony at trial and before the Grand Jury was impermissible because there was no evidence in the record that Christian and Romano had testified before the Grand Jury. [TR 218:17-25; 219:1-3]. If this statement constitutes impermissible vouching, Elsberg has failed to meet his burden of showing that this brief reference to the fact that the witnesses had testified before the Grand Jury affected the outcome of the proceeding, as required for reversal.
 
 
 10
 Elsberg next contends the prosecutor impermissibly vouched for Romano's testimony when he asked Romano if the government had ever asked for anything but the truth. [TR 104-05; 112-13]. We reject that this question constituted vouching. A prosecutor's inquiry into whether testifying truthfully constitutes part of a plea agreement is not vouching. See United States v. Necoechea, 986 F.2d 1273, 1278-79 (9th Cir.1993).
 
 Admission of Hearsay
 
 11
 Elsberg argues the district court improperly admitted Detective Shuart's testimony that after they were arrested, Christian had identified Elsberg as the source of marijuana and Romano had identified Elsberg as the source of the gun. He argues these statements were improperly admitted under the exemption for statements made by a co-conspirator, Fed.R.Evid. 801(d)(2)(E). He contends the statements are disqualified from this exemption because they were made after Christian and Romano were arrested and thus were not made during the course of the conspiracy. We review the decision to admit evidence for abuse of discretion and reverse unless the error is harmless. United States v. Tafollo-Cardenas, 897 F.2d 976, 979 (9th Cir.1990). We need not reach the merits of this issue as any error would be harmless. Romano and Christian each made the same statement during direct examination.
 
 Cumulative Error
 
 12
 Finally, Elsberg contends the verdict should be reversed based on the cumulative effect of the errors delineated above. In addressing a charge of cumulative prejudicial error, we consider all errors and instances of misconduct which were preserved for appeal with proper objection or plain error. United States v. Berry, 627 F.2d 193, 200 (9th Cir.1980), cert. denied, 449 U.S. 1113 (1981). We reject Elsberg's contention that cumulative error warrants reversal.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3