UNITED STATES of America, Plaintiff–Appellee,

v.

**Vinny GILBERT, Defendant–Appellant.**

No. 93–10308.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 25, 1995.*

Memorandum Filed Jan. 30, 1995.

Order and Opinion Filed June 13, 1995.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Michael B. Bigelow, Sacramento, CA, for defendant-appellant.

Jodi B. Rafkin, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.

### ORDER

The memorandum disposition filed January 30, 1995 is redesignated as a per curiam opinion.

### OPINION

PER CURIAM:

Vincent Gilbert, following a jury trial, appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Gilbert contends the district court erred in permitting the government to introduce prior unsworn inconsistent statements of two of its witnesses for the purpose of impeachment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 1992, Vincent (Vinny) Gilbert went to the trailer home of his estranged wife, Christina (Tina) Gilbert, to dispute the payment of a utility bill. Vinny and Tina Gilbert formerly lived together in the trailer home, but upon their separation, James Michael Suddeth, Tina's boyfriend, moved into the trailer home. Tina was visiting at a nearby trailer when she saw Vinny drive up in his van. She immediately called 911 because she was fearful Vinny would harm her. Extremely upset and screaming, Tina told the 911 operator that Vinny was going to beat her up, and that he had a gun to her boyfriend's head.

Vinny, who was also extremely upset, entered Tina's trailer and demanded that Suddeth go find Tina. Vinny followed Suddeth out of the trailer, while pointing a gun at

Suddeth's head. A neighbor saw Vinny leaving the trailer behind Suddeth with a gun to the back of Suddeth's head. After failing to locate Tina, Vinny tried to leave the trailer park but was stopped by law enforcement officers. Vinny consented to a search of the van, and the officers seized a fully loaded .380 caliber handgun from a bag belonging to Dena Olson, Vinny's girlfriend, who accompanied him to the trailer park. Neither Vinny nor Olson admitted ownership of the gun, but upon further questioning by the law enforcement officers, Olson stated the gun was hers.

At trial, on direct examination by the government, Tina testified that she was drunk when she called the 911 operator, and had lied when she told the operator Vinny had a gun. Suddeth was questioned on direct as well by the government, and he also testified that he never saw Vinny with a gun. Olson, however, testified that she lied to the law enforcement officers, and that Vinny had given her the gun to hide in her bag. She also testified that Vinny pointed the gun at Suddeth's head.

The government impeached both Tina and Suddeth's testimony with evidence of prior inconsistent statements confirming that Vinny had held a gun to Suddeth's head. Cheryl Suddeth, the ex-wife of Michael Suddeth, testified that Tina told her Vinny had threatened Tina and Michael Suddeth's life with a gun, and Shane Suddeth, Michael Suddeth's 11-year-old son, testified that his father told him that Vinny had pulled a gun on him. The district judge, in allowing the impeachment testimony, gave instructions to the jury limiting consideration of Cheryl and Shane's testimony to Tina and Suddeth's credibility as witnesses.

## STANDARD OF REVIEW

■ Whether the district court correctly construed the hearsay rule is a question of law reviewable de novo. *United States v. Warren*, 25 F.3d 890, 895 (9th Cir.1994). "We review a district court's decisions to admit evidence under exceptions to the hearsay rule for an abuse of discretion." *United States v. Bland*, 961 F.2d 123, 126 (9th Cir.), *cert. denied,* ─── U.S. ───, 113 S.Ct. 170, 121 L.Ed.2d 117 (1992).

## DISCUSSION

Vinny Gilbert contends the government called two witnesses, Tina Gilbert and James Michael Suddeth, for the sole purpose of introducing evidence of prior unsworn inconsistent statements that Vinny possessed a firearm. Vinny argues the government knew the witnesses would deny having seen Vinny with a gun or having stated they saw him with a gun. The government argues that the two witnesses were percipient witnesses at the scene who offered admissible evidence which was relevant to the government's case.

■ Federal Rule of Evidence 607 allows the government to impeach its own witness. *See* Fed.R.Evid. 607. However, "'the government must not knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony.'" *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir.1990) (quoting *United States v. Whitson*, 587 F.2d 948, 952–53 (9th Cir. 1978)). Impeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible. *Id.* A determination must be made as to whether the government examined the witness for the primary purpose of placing before the jury substantive evidence which is otherwise inadmissible. *Id.*

■ Tina and Suddeth were witnesses to the conduct for which Vinny was convicted. Tina phoned 911 and informed authorities, referring to Vinny Gilbert, "[m]y husband's was going to beat me up, and he had a gun to my boyfriend's head." Later, Tina stated that she had lied to the 911 operator. Because the recording equipment for 911 had malfunctioned, Tina's testimony was necessary to establish that the 911 call was made. Moreover, it was necessary to question Tina about the 911 call to corroborate, and scrutinize in light of, the testimony given by the 911 operator regarding the circumstances surrounding the call.

Likewise, Suddeth's testimony was essential to the government's case in chief because Vinny allegedly held the gun to Suddeth's head. Suddeth testified he did not see Vinny with the gun, and in any event, he was not in

712

a position to have seen the gun. However, Suddeth's testimony regarding the event was necessary to corroborate testimony of other witnesses who did see Vinny with the gun.

Furthermore, if the government had not called these two witnesses, the jury would have been left to ponder why the government was reluctant to question these eye-witnesses. Thus, because Tina and Suddeth were percipient witnesses to the charged offense, the government properly called the two witnesses to provide relevant testimony. The primary purpose in questioning the witnesses was not to impeach their testimony. *See Gomez–Gallardo,* 915 F.2d at 555.

■ The government was allowed to impeach Tina and Suddeth's testimony because they denied having seen Vinny with a gun. The government had evidence of prior inconsistent statements by both witnesses in which they stated Vinny held a gun to Suddeth's head. Thus, after laying the proper foundation, the government properly introduced witnesses who testified Tina and Suddeth told them that Vinny held a gun to Suddeth's head. *See* Fed.R.Evid. 613. Because of their denials, the credibility of both witnesses became an important issue in the case, requiring the government to impeach its own witnesses. *See* Fed.R.Evid. 607.

Finally, the district court gave limiting instructions admonishing the jury to consider the impeachment testimony only for the purpose of determining whether Gilbert and Suddeth were credible witnesses. *See United States v. Tafollo–Cardenas,* 897 F.2d 976, 980 (9th Cir.1990). Additionally, the government specifically argued to the jury that the impeachment testimony was only admitted for the purpose of determining whether Tina and Suddeth were truthful when giving their testimony. Therefore, the district court properly found that the government did not knowingly elicit testimony from the witnesses for impeachment purposes, and thus, was entitled to use its impeachment evidence against Gilbert and Suddeth. *See Gomez–Gallardo,* 915 F.2d at 555.

**AFFIRMED.**