99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Dwayne PAYNE, Defendant-Appellant.
 No. 95-10496.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1996.
Decided Oct. 08, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Michael Dwayne Payne appeals his conviction for being a felon in possession of a firearm. Payne argues that (1) there was insufficient evidence to support his conviction; (2) hearsay testimony was improperly offered by the prosecution; and (3) a new trial should have been granted based on newly discovered evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 * The government presented sufficient evidence to establish constructive possession. We review for plain error. United States v. Oliver, 60 F.3d 547, 551 (9th Cir.1995). Payne failed to renew the motion for judgment of acquittal at the close of all evidence.
 
 
 5
 The government presented circumstantial evidence both that Payne knew of the presence of the firearm and that Payne had the power to exercise dominion and control over it. United States v. Bernard, 48 F.3d 427, 430 (9th Cir.1995) (citations omitted). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. United States v. Lennick 18 F.3d 814, 820 (9th Cir.), cert. denied 115 S.Ct. 162 (1994).
 
 
 6
 The evidence established that Payne had unlimited access to 488 S. Colorado and that he was on the lot of 488 S. Colorado the day of the search. The defense introduced no evidence that anyone other than Anderson, Edna Hicks and Payne had been at 488 S. Colorado the day of the search. Payne also had identified 488 S. Colorado as his residence in a state criminal trial in November, 1994.
 
 
 7
 Where premises are shared by more than one person, however, "[m]ere proximity to contraband [and] presence on property where it is found.... are all insufficient to establish constructive possession." United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985). Thus, Payne's access to 488 S. Colorado, without more, is insufficient to establish constructive possession.
 
 
 8
 In United States v. Terry we stated: "The circumstances of each case must be examined to determine if there is such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession." 911 F.2d 272, 278 (9th Cir.1990) (citations omitted).
 
 
 9
 A rational trier of fact could find a relationship between Payne and the firearm such that Payne exerted dominion and control over it. First, police found the firearm under a mattress in the northeast bedroom of Anderson's residence. Anderson testified that neither she nor her house guests had slept in the northeast bedroom around the time of the search. Further, the police found a traffic citation and a car rental document both bearing Payne's name on the dresser in the northeast bedroom.
 
 
 10
 In addition, while the evidence of the mens jewelry and clothing found in the northeast bedroom would not establish a sufficient connection between Payne and the firearm, when viewed cumulatively with the other evidence it is reasonable to infer that the firearm was his. The testimony of Anderson and Hicks denying ownership of the firearm buttresses the inference that the firearm belonged to Payne.
 
 II
 
 11
 The district court did not commit plain error by permitting the government to impeach Gertrude Anderson with her prior inconsistent statements. United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.1996) (because defendant did not raise issue before the district court, review is for plain error). Federal Rule of Evidence 607 provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." Fed.R.Evid. 607. However, impeachment is not allowed where it is "employed as a guise for submitting to the jury substantive evidence that is otherwise unavailable." United States v. Gomez-Gallardo, 915 F.2d 553, 555 (9th Cir.1990) (citations omitted).
 
 
 12
 The test employed to determine the reason a witness is called is whether the government examined the witness with the primary purpose of placing substantive evidence, otherwise inadmissible, before the jury. United States v. Gilbert, 57 F.3d 709, 711 (9th Cir.), cert. denied, 115 S.Ct. 2264 (1995).
 
 
 13
 In its closing argument, the government used many portions of Anderson's testimony from direct examination other than her denial that Payne stayed at her house the night before the search. The government commented on Anderson's testimony that Payne had access to her house at the time of the search. The government also relied on Anderson's testimony that while she owned her own pistols, she did not own the firearm found in the northeast bedroom. Further, Anderson's testimony was employed by the government to establish that Payne was at 488 S. Colorado the day of the search. The primary purpose in calling Anderson was not to impeach her testimony.
 
 
 14
 There is also no evidence the government knew Anderson's testimony would differ from her prior statements. The government cannot "knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony." Gomez-Gallardo, 915 F.2d at 555 (citations omitted).
 
 
 15
 Finally, the District Court gave limiting instructions to the jury regarding impeachment evidence. The judge instructed the jury that a witness's "earlier contradictory statements are admissable only to impeach the credibility of the witness and not to establish the truth of these statements."
 
 III
 
 16
 The District Court did not abuse its discretion in denying the motion for a new trial. We pay special deference to a district court's credibility findings. United States v. Zermeno, 66 F.3d 1058, 1063 (9th Cir.1995).
 
 
 17
 The district court was well within its discretion to conclude that the confession of Lynn Payne was not credible. The testimony of Cynthia McKenzie, Lynn's probation officer, was particularly damaging to Lynn's story. McKenzie recounted that Lynn told her he was considering confessing that the firearm was his own. Lynn denied actual possession or ownership to McKenzie, but believed that he might receive a lesser sentence than Michael Payne if Lynn "took the fall" for Michael. The district court also considered the inconsistency between Lynn's testimony regarding the date he stole the firearm from Billy Martin and Martin's own recollection as an indication that Lynn's testimony was not credible.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Helen Gillmor, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3