129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony M. DEMARIA and Cathy L. DEMARIA, husband and wife;
Tony DEMARIA, Jr.; and John Joseph DEMARIA, by
and through Anthony M. DEMARIA, Guardian
Ad Litem, Plaintiffs/Appellants,
v.
WASHINGTON COUNTY, WASHINGTON COUNTY BOARD OF COMMISSIONERS
DON STEPHENS, MILDRED HORTON, RONALD POUND; JIM NELSON and
MICHAEL WADLEY; JOHN DOES 1 THROUGH 10; and WASHINGTON
COUNTY BY and through the SHERIFF'S DEPARTMENT OF WASHINGTON
COUNTY, Defendants-Appellees.
 No. 96-35851.
 United States Court of Appeals, Ninth Circuit.
 Nov. 10, 1997.
 
 1
 Appeal from the United States District Court for the District of Idaho
 
 B. Lynn Winmill, District Judge, Presiding
 
 2
 Before: SKOPIL and TROTT, Circuit Judges and ROLL, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Plaintiffs Anthony DeMaria and his family appeal the district court's grant of summary judgment in favor of defendants Washington County, Idaho, and County officials (collectively "Washington County") in the DeMarias' 42 U.S.C. § 1983 action alleging violations of their due process and equal protection rights. The DeMarias also appeal several other district court rulings with regard to the admissibility of affidavits and the reopening of discovery. For the reasons stated below, the district court's rulings are affirmed.
 
 
 5
 The DeMarias claim that Washington County violated their civil rights under the Due Process Clause by failing to protect the DeMarias from the Sorensens' harassment. However, the relevant case law holds that the state is not liable under the Due Process Clause for failing to protect its citizens from private parties unless the state has affirmatively created the dangerous situation, or has limited, through incarceration or other means, the citizen's ability to act in his or her own defense. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 201 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699-700 (9th Cir.1990).
 
 
 6
 The DeMarias argue that the "danger creation" exception to DeShaney applies. This exception requires affirmative conduct on the part of the state actor, thereby placing the plaintiff in a position of danger. L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir.1992); Wood v. Ostrander, 879 F.2d 583, 589-90 (9th Cir.1989). This case does not reach the threshold of the "danger creation" exception because Washington County did not control either the DeMarias or the Sorensens. Additionally, no evidence exists that Washington County informed the Sorensens that the DeMarias would go unprotected. Summary judgment is appropriate on the Due Process Clause claim.
 
 
 7
 The DeMarias also argue that, because of their Italian heritage, Washington County denied them their civil rights under the Equal Protection Clause. An Equal Protection claim can be made based on a citizen having been denied effective police protection because he or she is Italian. Benigni v. City of Hemet, 879 F.2d 473, 477-78 (9th Cir.1988).
 
 
 8
 The DeMarias' Equal Protection proof of Washington County's discriminatory motivation rests entirely upon certain hearsay statements in four affidavits. Once the district court ruled that these statements were inadmissible, it necessarily found that "there is no evidence in the record indicating that the Defendants had a discriminatory motivation." That ruling is correct.
 
 
 9
 The four affidavits contained statements that the district court determined to be "rank hearsay." These four affidavits were from people who purportedly heard Mark and Jerry Sullivan say that they had heard other people make the offending statements. Mark and Jerry Sullivan were subsequently deposed in this action and denied that they ever made the statements attributed to them by affiants.
 
 
 10
 The district court's ruling on the admission of evidence is reviewed for abuse of discretion. United States v. Gilbert, 57 F.3d 709, 711 (9th Cir.1995).
 
 
 11
 The DeMarias argue that the Sullivans' purported statements are admissible under Fed.R.Evid. 801(d)(2)(D), as statements made by agents, or under Fed.R.Evid. 803(24), the "catch-all" exception to the hearsay rule.
 
 
 12
 A statement is not considered hearsay if it is made "by the party's agent or servant concerning a matter within the scope of the agency or employment, [and if it is] made during the existence of the relationship." Fed.R.Evid. 801(d)(2)(D). Because there is no evidence that Mark Sullivan's employer, the Weiser Police Department, was investigating the DeMarias, he could not be considered to have made the alleged statements within the scope of his employment.
 
 
 13
 The DeMarias argue that Jerry Sullivan was an agent of Washington County because he was an employee of the County. Jerry Sullivan did not become an employee of Washington County until November 1992. The alleged comments made by Jerry Sullivan were apparently made prior to November 1992. In any event, the Sullivans were not "agents" of Washington County when they engaged in after-hour conversations with the DeMarias and others. The district court did not abuse its discretion in ruling the statements were inadmissible hearsay.
 
 
 14
 Fed.R.Evid. 803(24) renders admissible statements "not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness," if the court determines that several other requirements are met.
 
 
 15
 The district court ruled that the relevant portions of the affidavits of the four witnesses did not "have the indicia of trustworthiness" required by the "catch-all" provision. Fed.R.Evid. 803(24) "is not to be used as a new and broad hearsay exception, but rather is to be used rarely and in exceptional circumstances." Fong v. American Airlines. Inc., 626 F.2d 759, 763 (9th Cir.1980). The district court did not abuse its discretion.
 
 
 16
 The affidavit of Craig A. Davidson was stricken by the district court because it was filed on the morning of the hearing on the Motion for Summary Judgment. The district court cited a local rule that affidavits must be filed within fourteen days after service of the motion. District courts may adopt local rules covering filing deadlines for affidavits and those local rules govern, even if the deadlines differ from those provided for in the Federal Rules of Civil Procedure. Marshall v. Gates, 44 F.3d 722, 725 (9th Cir.1995). The district court did not abuse its discretion in striking the affidavit.
 
 
 17
 The DeMarias next argue that the district court abused its discretion in denying their motion to obtain additional discovery. A Rule 56(f) motion must be made prior to the summary judgment hearing. Ashton-Tate Corp. v. Ross, 916 F.2d 516, 519-20 (9th Cir.1990). Here, the motion was not made prior to the summary judgment hearing. It was not an abuse of discretion for the district court to deny the DeMarias' request for reopening of discovery.
 
 
 18
 The DeMarias moved the district court to reconsider its grant of summary judgment. The standard of review for a denial of a motion to reconsider is for abuse of discretion. School Dist. No. 1J. Multnomah County. Or. v. ACandS. Inc., 5 F.3d 1255, 1262 (9th Cir.1993). In their motion for reconsideration, the DeMarias largely reargued what they had presented in their opposition to the Motion for Summary Judgment. The district court did not abuse its discretion.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The Honorable John M. Roll, District Judge for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3