UNITED STATES of America,
Plaintiff–Appellee,

v.

Charlie HIGHSMITH, Defendant–
Appellant.

No. 00–30182.
D.C. No. CR–99–00004–BLG–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided Oct. 23, 2001.

Before BROWNING, WALLACE, and
T.G. NELSON, Circuit Judges.

## MEMORANDUM *

We have jurisdiction pursuant to 28
U.S.C. § 1291, and we affirm on all but
one issue. That issue, which involves a
sentence enhancement based upon the dis-
trict court's finding that Highsmith was in
constructive possession of a firearm, is ad-
dressed in a published opinion. Because
the parties are familiar with the facts, we
do not recount them here.

---

\* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

■ As to the sufficiency of the evidence, we conclude that the evidence presented more than sufficed to support a finding by any rational trier of fact that Highsmith aided and abetted Hurd's distribution or his intended distribution of drugs and that Highsmith had constructive possession of the drugs.[1] As for the numerous alleged errors to which Highsmith points, we agree that two rulings of the district court were error, but conclude that the errors were harmless. The court allowed a question by the prosecutor that assumed a fact—that Highsmith had gone to someone's house with John Hurd—not in evidence. The court allowed another, regarding Highsmith's supposed interest in cutting out Hurd as a middleman, for which there was insufficient evidence at the time the question was asked as well. The overwhelming nature of the evidence against Highsmith renders these minor errors harmless. The other statements and questions by the prosecutor of which Highsmith complains were properly addressed by the district court during trial. The district court thus did not err, much less abuse its discretion,[2] when it denied Highsmith's motion for a mistrial based upon prosecutorial misconduct.

■ The district court also did not err by admitting the evidence of drug-related activity about which Highsmith complains he received no Rule 404(b) notice. The drug-related activity in question occurred during the time period listed in the indictment—it was part of the charges against Highsmith. Thus, it was not an "other crime, wrong, or act" covered by Federal Rule of Evidence 404(b) and the notice requirements of that rule did not apply.

■ The district court did not abuse its discretion[3] by allowing the Government to call Dwana Lake and to impeach a portion of her testimony.[4] The Government does not appear to have called Lake for the primary purpose of impeaching her. Much of Lake's testimony appears to have been important to the Government's case, quite apart from the portion that was subsequently impeached. In addition, the form of impeachment used by the Government—live testimony—was permissible.[5]

We do not reach the merits of Highsmith's claim under the Jencks Act because Highsmith did not move for production of Agent Williams' notes after the Agent's testimony.[6] Highsmith also did not raise his claims of vouching before the district court. Accordingly, we review those claims for plain error.[7] We conclude that to the extent vouching occurred, any error was not plain.

The district court did not clearly err[8] when it found that Highsmith was in constructive possession of fourteen ounces of drugs and calculated his base offense level accordingly. This factual finding was more than adequately supported by the

1. See United States v. Wright, 215 F.3d 1020, 1025 (9th Cir.2000) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

2. See United States v. Sarkisian, 197 F.3d 966, 981 (9th Cir.1999).

3. See United States v. Castillo, 181 F.3d 1129, 1132 (9th Cir.1999).

4. See United States v. Gilbert, 57 F.3d 709, 711–12 (9th Cir.1995).

5. Id. at 712 (describing the impeachment testimony of live witnesses).

6. See United States v. Hanna, 55 F.3d 1456, 1459 (9th Cir.1995).

7. See United States v. Parker, 241 F.3d 1114, 1119 (9th Cir.2001).

8. See United States v. Maldonado, 215 F.3d 1046, 1051 (9th Cir.2000).

evidence, which included testimony that Highsmith regularly dealt drugs from the room in which the drugs were found.

AFFIRMED on all but one issue which is addressed in a separate opinion.