**Elena DIAZ, Plaintiff–Appellant,**

v.

**PIMA COUNTY, a political subdivision of the State of Arizona, Defendant–Appellee.**

No. 01–15510.

D.C. No. CV–98–00326–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2002.

Decided April 18, 2002.

Before O'SCANNLAIN and TALLMAN, Circuit Judges, and KING,[*] District Judge.

## MEMORANDUM [**]

Elena Diaz appeals from an adverse jury verdict on her Title VII claim. The facts and prior proceedings are known to the parties; they are not cited herein, except as necessary.

The district court did not abuse its discretion in restricting Diaz's cross-exam-

---

[*] The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ination of the County's witnesses about the contents of Exhibit 23. The exhibit covered the disciplinary records of 21 nurses and reports of those nurses' 36 medication errors, and unlike Diaz, the vast majority of those nurses appear to have committed no misconduct (such as failure to report) beyond the medication errors themselves. Thus, these records were only marginally useful for purposes of establishing disparate treatment, and the district court reasonably concluded that allowing Diaz's counsel to explore all of the medication errors that the exhibit detailed would be more time-consuming than the prospective probative value could justify. Diaz was allowed to explore the County's treatment of two white nurses who committed multiple errors. Moreover, the exhibit itself was admitted into evidence and available to the jury, and other witnesses summarized its contents. The limitations on cross-examination do not justify reversal.

■ Nor did the district court abuse its discretion in excluding the proffered Exhibit 36(B). The document was not self-authenticating, as it bore no indicia of origin or filing, such as an official letterhead, seal, or signature, and Diaz presented no certification from the custodian of records. FED.R.EVID. 902(1), (4), (11). Diaz sought to authenticate the exhibit with Miles's testimony that she had obtained it from Vasquez. However, Vasquez was not the document's purported author or even a named addressee, although it did refer to her. Miles's ability to testify that she received the document from Vasquez does not make her a "witness with knowledge" of its authenticity. FED.R.EVID. 901(b)(1); see United States v. Dibble, 429 F.2d 598, 602 (9th Cir.1970). Because Diaz submitted no evidence (other than the document itself) from which a reasonable jury could conclude that the document was authentic,

the district court did not err in excluding it.

■ Nor did the district court abuse its discretion in rejecting Diaz's attempts to refer to the contents of Exhibit 36(B), ostensibly for impeachment purposes, in her redirect examination of Miles and her cross-examination of Nusbaum. (Diaz also argues that she should have been allowed to cross-examine Malkin about the allegations in the report, but she made no attempt to do so at trial.) Whatever relation the document bore to Miles's testimony, which touched only tangentially on Miles's role in the Vasquez complaint, it did not serve to impeach Miles. "Impeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." United States v. Gilbert, 57 F.3d 709, 711 (9th Cir.1995) (per curiam). Similarly, Diaz fails to identify any portion of Nusbaum's testimony that the document would have served to impeach; Nusbaum testified that she was aware of complaints by minority employees, and Diaz does not explain how the report's documentation of complaints about Nusbaum's management skills would have impeached Nusbaum's testimony. The district court's refusal to allow this line of questioning was not an abuse of discretion.

■ We reach a similar conclusion with respect to the district court's refusal to allow Maldonado's testimony. "Trial courts have broad authority to impose reasonable time limits." Navellier v. Sletten, 262 F.3d 923, 941 (9th Cir.2001). When Diaz sought to call Maldonado, she was already near the end of her allotted time and she herself still faced cross-examination by the County. At that point the district court could reasonably have concluded that Maldonado's testimony would be sufficiently cumulative to warrant her exclusion.

The decision to bar Pierce from testifying also does not warrant reversal. Were the relevance rationale that the district court mentioned in its ruling the *only* reason to exclude her testimony, the question would be closer; although Pierce is not Hispanic, her testimony about the discipline she received could have been relevant to establishing a basis for comparison and supporting the inference of pretext. However, the court would also have been justified in precluding Pierce's testimony based on the County's lack of opportunity to depose her before trial. In any event, we conclude that the exclusion most likely did not affect the verdict: Pierce's offense, the discipline she received, and her ethnicity all came out in cross-examination of other witnesses, and Diaz was able to use Curtis as a comparator to support her assertions of disparate treatment.

AFFIRMED.

