No. 90-495

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

---

DWIGHT BRISTOL HOY,

      Defendant and Appellant,

  -vs-

CITY OF HELENA,

      Plaintiff and Respondent.

---

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffery M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Michael Donahoe, Attorney at Law, Helena, Montana

      For Respondent:

      David Hull, City Attorney, Helena, Montana
Bob Wood, Deputy City Attorney, Helena, Montana

FILED

APR 11 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  March 7, 1991

Decided:  April 11, 1991

---

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Defendant and appellant, Dwight Hoy, appeals from his conviction in the First Judicial District Court, Lewis and Clark County, of driving under the influence of alcohol. We affirm.

The only issue presented on appeal is whether the District Court erred in admitting, over objection, alleged hearsay evidence.

On February 25, 1990, at approximately 2:10 a.m., Helena City Police Officer Debra Badger observed a pickup truck twice swerve to the side of the road and then come back towards the center, as it travelled eastbound on Eleventh Avenue. Officer Badger activated her police car lights and stopped the pickup. Upon approaching the driver's side window to ask the driver for his driver's license and vehicle documents, she detected the odor of alcohol and requested the driver, appellant Hoy, to step out of his vehicle.

Officer Badger asked appellant to perform several field sobriety tests, on the results of which she placed him under arrest. Appellant was transported to the Lewis and Clark County Jail where he was videotaped performing the sobriety tests a second time. At this point appellant agreed to take a breathalyzer test.

At trial, subsequent to her testimony of the facts set forth above, Officer Badger identified the printout card from the breathalyzer. When she was asked to identify some handwriting on the card, she began to explain the function of a display screen located on the breathalyzer and stated that it shows both the calibration check and the subject's test results. At that point,

the parties adjourned to chambers for defense counsel's objection to her testimony regarding the readings she observed on the display screen and wrote on the printout card. Conceding that the printout card itself was admissible evidence, defense counsel further objected that the printout speaks for itself and should not be varied by oral testimony. The District Court overruled the objections and allowed the testimony.

Officer Badger testified that the printout card itself is produced by the printer which is separate from, but attached to, the breathalyzer machine and that the handwritten numbers on the card were written by her. She explained that she had experienced difficulties in obtaining clear printouts prior to the time of appellant's arrest and, thus, was aware that it might be necessary to read the numbers from the screen.

Officer Badger testified that the numbers she wrote on the printout card--as to both the calibration and breathalyzer result---were identical to those she observed on the screen at the time the test was being administered to the appellant. She testified that the calibration check, .095, reflected that the breathalyzer was functioning properly; that is, that the breathalyzer result she copied from the screen and wrote on the card was accurate. Finally, Officer Badger testified that the breathalyzer result, .212, was consistent with appellant's behavior and field sobriety test results.

The issue presented on appeal is whether the District Court erred in admitting the officer's testimony regarding the numbers

3

she had observed on the display screen and subsequently recorded on the printout card.

Appellant argues that such testimony is hearsay, does not fall within any recognized exceptions to hearsay, and consequently, is inadmissible in evidence. We disagree.

The results of a chemical analysis of a defendant's breath for alcohol, when introduced for the truth of the results shown, are hearsay under Rule 801(c), M.R.Evid. Hearsay is not admissible in evidence "except as otherwise provided by statute, these rules, or other rules applicable in the courts of this state." Rule 802, M.R.Evid.

Appellant appears to suggest that the printout card itself is admissible for the truth of the matter stated under Rule 803(6), M.R.Evid., as a business record and, therefore, does not argue that the card is inadmissible. In any event, we note that the card is admissible under the statutory hearsay exception contained in § 61-8-404, MCA.

Appellant argues that the officer's testimony regarding her observations of the display screen, unlike the printout card, does not fall within any exception to the hearsay rule and, as a result, that the testimony is inadmissible hearsay evidence. We reject this argument.

Assuming arguendo that the testimony and the handwritten numbers on the printout card are hearsay, they fall within recognized exceptions which allow for their admissibility. They come within the statutory hearsay exception in § 61-8-404, MCA:

4

they are evidence and a report of the results of a chemical analysis of a person's breath.

In addition, the numbers which Officer Badger wrote on the card constitute a present sense impression under Rule 803(1), M.R.Evid. "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition," is an exception to hearsay and admissible evidence. Rule 803(1), M.R.Evid.

A statement is an oral or written assertion. Rule 801(a), M.R.Evid. The numbers Officer Badger recorded on the printout card were a written assertion describing a condition, namely appellant's blood alcohol content results, made at the time she was perceiving the event or condition.

If Officer Badger had not handwritten the numbers on the card, but had attempted to testify, from memory, as to the numbers she had observed on the display screen, the guarantee of authenticity that is required of hearsay exceptions might be questionable. Not only her memory, but her motives, might be suspect under such circumstances. However, Officer Badger knew the printer was not functioning properly. She testified that when the printer was functioning properly, the numbers on the display screen were identical to the numbers printed on the card. By recording the numbers from the screen onto the card, Officer Badger merely served the same function the printer was intended to perform, specifically, to make a written record of the test results in order that they could be subsequently used as evidence. The guarantee

5

of trustworthiness is sustained by the immediate recording of the numbers and the resulting reduced likelihood of deliberate misrepresentation or fabrication. This is particularly true in this case, where examination of the printout card as it was introduced reflects that the handwritten calibration number and the printout calibration check are identical; only a few lines on the card are garbled. Finally, there exists the opportunity for cross-examination regarding the admitted evidence. The record in this case clearly indicates that defense counsel cross-examined Officer Badger extensively on this matter.

We find the testimony was properly allowed and not inadmissible hearsay.

Affirmed.

Justice

We concur:

Chief Justice

Justices