No. 00-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 207


STATE OF MONTANA,

Plaintiff and Respondent,

v.

MERRITT L. HOPE,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Diane G. Barz, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Helena, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Melodee Hanes, Deputy

County Attorney, Billings, Montana

Submitted on Briefs: February 23, 2001

Decided: October 11, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Merritt Hope appeals from the Thirteenth Judicial District Court's judgment of conviction for partner or family member assault. We affirm.

¶2 The following issue is raised on appeal:

¶3 Did the District Court err in admitting into evidence a note written by a partner or family member assault victim prior to the assault?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Vivian Doyle Thomas (Doyle) met Merritt Hope (Hope) in August 1999. Shortly thereafter, Hope moved into Doyle's home. On September 18, 1999, Doyle, driving her parents' van, met Hope at the Circle Inn. After having some drinks, Hope, who now drove the van, took Doyle with him to inquire about renting a friend's house. Doyle claimed Hope was critical of her while they were at the friend's house. Following the visit, Hope and Doyle drove to the Empire Bar. Along the way, Doyle asked Hope to stop and buy her some cigarettes and gum. Hope responded by angrily telling Doyle "he wasn't [her] God-damn F'ing pimp," but he stopped the van and went into the store. While waiting in the van, Doyle found a notebook and wrote down her feelings regarding Hope's angry mood and her own apprehension about further problems which might arise that night.

¶5 Shortly after they arrived at the Empire Bar, Hope left to go to another bar and Doyle stayed at the Empire by herself for approximately an hour. When Hope returned, Doyle met Hope outside of the bar and told him she wanted the keys to her parents' van. Hope refused to give them to her because she had been drinking.

¶6 At trial, differing stories emerged regarding the next events. Doyle claimed Hope

pushed her hard outside of the bar, and when she went inside the bar to call 911, Hope scraped the metal phone cord across her face and then hit her cheek. In contrast, Hope and other witnesses contended Doyle was intoxicated, fell off of a bar stool and sustained injuries. It is undisputed that Doyle left the bar, contacted a police officer and was taken to the hospital for treatment.

¶7 Hope was arrested and charged with felony partner or family member assault and unauthorized use of a motor vehicle. At trial, Doyle testified regarding how she felt when Hope angrily responded to her request for cigarettes and gum. The following exchange then took place:

Q. I'm going to hand you what has been marked as State's Exhibit No. 1, do you recognize that?

A. Yes.

Q. What is that?

A. It's what I wrote down while he was in the store. I found a notebook in my parents' van.

Q. And that recorded your present sense feelings at that moment?

A. Yes.

MS. HANES : At this time, Your Honor, we would offer State's Exhibit No. 1.

MR. ENGLISH : I would object, Your Honor. It's hearsay. It does not fall under a hearsay exception, Your Honor. She has testified to her feelings at that time, she was upset. It would give undue weight to those - that testimony, to enter that into evidence and give it to the jury to consider during deliberations.

THE COURT : The jury is free to give it the weight they deem it entitled to. Exhibit 1 is admitted.

BY MS. HANES: Q. Could you tell us what you wrote down, please?

A. I wrote down Friday, I wrote down the date, it was kind of dark and I was writing

fast. So I said, This guy is getting so angry. We stopped at a friend's house, he got angry. I saw - oh, I saw a store, asked him for some cigarettes. He yelled at me and said, I am no God-damn fucking pimp. So I feel there is going to be big trouble because he is in such a bad mood. So I am writing this because my stomach is churning in knots, and I know there is going to be trouble and he'll blame it on me. And I am so scared, my mouth is dry. We will go somewhere else, but I know I'll be set up and put down.

And then I started to write, I don't, and then he got in the car and I hid the notebook.

Q. Is that a true and accurate description of how you were feeling at that moment?

A. (Witness nods head affirmatively.)

¶8 After deliberating, the jury found Hope guilty on both charges. On appeal, Hope contends that the District Court erred when it admitted into evidence the note that Doyle wrote before she was assaulted. He claims that the note did not come within the recorded recollection exception to the hearsay rule and that the court impermissibly provided the jury with testimonial material about Doyle's general credibility. In response, the State claims the District Court properly admitted Doyle's note under the recorded present sense impression hearsay exception and that undue emphasis was not placed on Doyle's testimony. Moreover, the State maintains admission of the note was harmless beyond a reasonable doubt in light of Hope's own testimony admitting his irritation with Doyle on the night in question.

## STANDARD OF REVIEW

¶9 We must first determine the appropriate standard of review to apply to the issue raised. Citing *State v. Weaver* (1996), 276 Mont. 505, 509, 917 P.2d 437, 440, and *United States v. Gilbert* (9th Cir. 1995), 57 F.3d 709, 711, Hope contends that since the District Court failed to directly address the hearsay objection, this Court must review the admission of Doyle's handwritten note *de novo*. Alternatively, Hope urges the Court to review whether the District Court abused its discretion by placing undue emphasis on particular testimony. The State, on the other hand, claims the District Court addressed Hope's hearsay objection when overruling it on the grounds Doyle's note fell within the recorded present sense impression exception to the hearsay rule. The State claims the District Court's ruling

should be reviewed for abuse of discretion.

¶10 We conclude that Hope misconstrues *Gilbert* and *Weaver*. *Gilbert* states a district court's decisions to admit evidence under exceptions to the hearsay rule are reviewed for abuse of discretion. *Gilbert*, 57 F.3d at 711. Similarly, *Weaver* utilized an abuse of discretion standard when a district court failed to exercise its discretion. *Weaver*, 276 Mont. at 509, 917 P.2d at 440. Neither of these cases requires *de novo* review of a district court's evidentiary ruling. Furthermore, in contrast to *Weaver*, we conclude that even though the District Court did not directly address Hope's general hearsay objection, it did exercise its discretion in admitting Doyle's note into evidence.

¶11 Accordingly, we will review the District Court's evidentiary ruling for an abuse of discretion. District courts have broad discretion to determine whether evidence is relevant and admissible. Absent a showing of abuse of discretion, we will not overturn the trial court's determination. *State v. Osborne*, 1999 MT 149, ¶ 14, 295 Mont. 54, ¶ 14, 982 P.2d 1045, ¶ 14.

## DISCUSSION

¶12 Did the District Court err in admitting into evidence a note written by a partner or family member assault victim prior to the assault?

¶13 Hope first contends that Doyle's note was improperly admitted because the jury should not consider prior recorded statements during deliberations. He claims the note does not meet the requirements of the recorded recollection exception to the hearsay rule, Rule 803(5), M.R.Evid. In contrast, the State argues the District Court properly admitted the note under the recorded present sense impression exception to the hearsay rule and that Hope has not addressed that contention.

¶14 We agree. Although Hope contends on appeal that the note does not come within the recorded recollection exception, he has nonetheless failed to address the State's contention that the note came within the recorded present sense impression exception. We conclude that Doyle's note was a recorded present sense impression. A recorded present sense impression is a written assertion describing or explaining an event or condition while the declarant was perceiving the event or condition, or immediately thereafter. Rules 801(a) and 803(1), M.R.Evid. For instance, contemporaneous notes based on personal observations are admissible as recorded present sense impressions. *State v. Berosik*, 1999

MT 238, ¶ 37, 296 Mont.165, ¶ 37, 988 P.2d 775, ¶ 37 (citing *City of Helena v. Hoy* (1991), 248 Mont. 128, 131, 809 P.2d 1255, 1257). In this case, Doyle's note was a written assertion describing an event or condition, namely Hope's angry mood and Doyle's feelings, made immediately after she perceived the event or condition. Accordingly, we hold the note was properly allowed and was not inadmissible hearsay.

¶15 Hope's second contention is that the District Court, by admitting Doyle's note, impermissibly provided the jury with testimonial material about Doyle's general character. Hope admits Doyle properly testified about Hope's anger, but he claims the admission of the note placed undue weight on this testimony. In support of his argument, Hope compares this case to cases in which a district court considered jury requests to review witness testimony during its deliberations. *State v. Evans* (1993), 261 Mont. 508, 862 P.2d 417; *State v. Harris* (1991), 247 Mont. 405, 808 P.2d 453. In addition, Hope claims Doyle's note impermissibly bolstered her credibility through mere repetition.

¶16 The State argues *Evans* and *Harris* are inapplicable because the jury in this case did not request a review of Doyle's testimony during its deliberations. Additionally, the State claims that the note described Doyle's perception of Hope's anger, rather than the assault itself, and the note did not give any emphasis to the critical elements of the State's case. Moreover, the State asserts the District Court properly noted that the jury was free to give the note the weight it deemed appropriate, and it instructed the jury of its role in weighing the evidence and determining the credibility of witnesses.

¶17 We agree. This case does not involve a jury's review of witness testimony during deliberations as in *Evans* and *Harris*. Furthermore, since both Hope and Doyle testified that Hope was irritated on the night in question, credibility on this point was not an issue. The District Court correctly advised the jury it could give the note whatever weight it deemed appropriate. We hold the admission of Doyle's note did not unduly emphasize her testimony and the note was properly admitted.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON