No. 04-133

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 178

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

JARED HOFELDT,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                      In and for the County of Hill, Cause No. DC 2003-075
                      The Honorable David G. Rice, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Jeremy S. Yellin, Attorney at Law, Havre, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, John Paulson, Assistant Attorney General, Helena, Montana; Donald A. Ranstrom, Special Prosecutor for City of Havre, Chinook, Montana

Submitted on Briefs:  October 19, 2004

Decided:  July 19, 2005

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Jared Hofeldt appeals from his conviction for family member assault.  We affirm.

¶2      We address the following issue on appeal:

¶3      Whether the District Court abused its discretion in denying Hofeldt's mistrial motions.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      On the morning of January 25, 2003, Hofeldt entered the kitchen of his mother and stepfather's house.  He and his stepfather, Ben Alexander, proceeded to exchange some choice words.  What next ensued is contested.  At trial, Alexander testified that Hofeldt approached him when Alexander's back was turned and began punching him on his head and body.  Next, Alexander claims that he grabbed onto Hofeldt's waist in an attempt to defend himself.  After Hofeldt's mother sought to stop the altercation, Hofeldt disengaged from Alexander.  Hofeldt himself testified that Alexander had attacked him and tried to choke him.

¶5      Alexander called the police to the scene.  They observed that Alexander's face had been bloodied and he had received bruises to his body.  They observed no injuries to Hofeldt.  Hofeldt is over six feet tall and significantly larger than Alexander.  The police determined that they should arrest Hofeldt and charge him with assault.

¶6      After a trial in City Court, Hofeldt appealed and received a trial *de novo* in District Court.  Prior to trial Hofeldt moved *in limine* to forbid testimony relating to prior assaults. The District Court granted the motion and stated to the parties, "Just please tell the witnesses to avoid saying any prior incidence [sic] comments."

¶7      In Alexander's testimony the following exchange occurred:

2

Q. After this, what did you do?
A. I clinched. He was swinging at my head. I had already received several blows to the head, so I grabbed him around the waist and held on.
Q. Did you learn that any place special --
MR. YELLIN: Objection, relevance.
THE COURT: Overruled.
A. *I had been attacked numerous times before in this manner*.
[Emphasis added.]

After Alexander made this statement, Hofeldt moved for a mistrial, arguing that the statement violated the order *in limine* and prejudiced his defense. The District Court denied the motion, reasoning that the prosecution had not provoked the statement, and that the jury could have interpreted it as referring to prior attacks on Alexander by people other than Hofeldt.

¶8    Later, Officer Kuka, one of the police officers at the scene, testified to what Alexander had told him at that time:

Q. Who did you speak to then?
A. I spoke with Ben [Alexander] at that point.
Q. What did you learn?
A. He advised me that Mr. Hofeldt had punched him *and that he was not going to take that anymore*. He then advised me that he was up in the kitchen when Mr. Hofeldt came upstairs. Mr. Alexander advised me he did say good morning to Mr. Hofeldt.
[Emphasis added.]

After this comment Hofeldt renewed his motion for a mistrial, arguing that Officer Kuka's comment referred to prior actions taken between Hofeldt and Alexander. Once again the District Court denied Hofeldt's motion. It reasoned that the prosecutor had not sought to elicit any references to prior actions, and that the statement could have been interpreted

3

merely to mean that Alexander did not want a repeat of that particular incident. Hofeldt did not request the court to give the jury a cautionary instruction regarding the two statements.

¶9 The jury found Hofeldt guilty of family member assault. He now appeals and requests us to reverse the District Court's decision to deny his request for a mistrial.

## STANDARD OF REVIEW

¶10 We review a district court's ruling on a motion for a mistrial for an abuse of discretion. *State v. Partin* (1997), 287 Mont. 12, 17-18, 951 P.2d 1002, 1005. In turn, when the defendant moves the district court to declare a mistrial, the court bases its decision on whether the defendant has received a fair and impartial trial. *Partin*, 287 Mont. at 16-17, 951 P.2d at 1004.

## DISCUSSION

¶11 *Whether the District Court abused its discretion in denying Hofeldt's mistrial motions.*

¶12 Hofeldt contends that the two statements of his stepfather and of Officer Kuka were inadmissible and contributed to his conviction. "In determining whether a prohibited statement contributed to a conviction, we consider the strength of the evidence against the defendant, the prejudicial effect of the testimony and whether a cautionary jury instruction could cure any prejudice." *State v. Scarborough*, 2000 MT 301, ¶ 81, 302 Mont. 350, ¶ 81, 14 P.3d 1202, ¶ 81 (citing *Partin*, 287 Mont. at 18, 951 P.2d at 1005-06). A motion for a mistrial should be denied for "defects that do not affect the substantial rights of the defendant" when "the record is sufficient to establish the defendant's guilt." *State v. Brady*,

2000 MT 282, ¶ 14, 302 Mont. 174, ¶ 14, 13 P.3d 941, ¶ 14 (citing *State v. Berosik*, 1999 MT 238, ¶ 20, 296 Mont. 165, ¶ 20, 988 P.2d 775, ¶ 20).

¶13    Taking these factors into account, we conclude that the District Court did not abuse its discretion in denying Hofeldt's motions for a mistrial.  First, the evidence was strongly on the side of the State.  An officer on the scene immediately after Hofeldt's and Alexander's altercation noted that Alexander was freshly cut and bruised, whereas Hofeldt had received no visible injuries.  Hofeldt is significantly larger than Alexander and therefore his argument that Alexander initiated the attack and choked him is suspect.  In addition, in light of the State's evidence, and because both statements were ambiguous, we simply cannot conclude that they had a prejudicial effect by denying Hofeldt a fair and impartial trial.  Furthermore, Hofeldt did not ask for a jury instruction regarding the statements.  Therefore, we conclude that the District Court did not abuse its discretion in denying Hofeldt's motions for a mistrial.

## CONCLUSION

¶14    We affirm the judgment of the District Court.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE