2008-NMCA-125

192 P.3d 1226

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Rudy CHAVEZ, Defendant–Appellant.**

No. 27,346.

Court of Appeals of New Mexico.

June 20, 2008.

Certiorari Denied, No. 31,220, Aug. 6, 2008.

---

850

Gary K. King, Attorney General, Santa Fe, NM, Chris Conlee, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Defendant Rudy Chavez was arrested for auto burglary and other charges after an anonymous observer handed the victim a note with a physical description of the thief and a description and license plate number of the vehicle in which the thief left the scene. Over Defendant's objections, the substance of the note was admitted into evidence through the testimony of the victim. Defendant was convicted of auto burglary, larceny, and conspiracy to commit auto burglary. Defendant appeals, citing the hearsay rule and his constitutional right to confront the witnesses against him as the reasons the district court should not have admitted the statement. We hold that the district court did not err in admitting the statement and affirm Defendant's convictions.

## DISCUSSION

{2} The victim in this case arrived at his car in a parking lot to find his car door ajar.

He was approached by an unknown man, who told him that someone had just taken a "book" from the victim's car. The man handed the victim a note that contained information about the theft. We pause to state that neither the note itself nor its author has ever turned up. The victim, upon returning home, called the police to report the theft of the book, which was actually a case of the victim's CDs. The victim gave the note to the police. Detective Salazar traced the license plate number to an address occupied by Defendant and his girlfriend. Defendant was of a similar appearance to the description in the note. When contacted, Defendant's girlfriend admitted having taken the CDs but stated that Defendant had not participated in the theft and had been upset with her when he later became aware of her theft. Defendant told the same story, that his girlfriend had stolen the case and that he was upset about it. The CDs were recovered from their house, along with clothing matching the description given in the note, and Defendant was ultimately charged with the crime.

{3} At trial, Defendant had no quarrel with the State's use of the license plate number but sought to exclude the portion of the note's statement that gave a description of the thief, asserting that it was testimonial hearsay and that under the New Mexico Constitution and United States Constitution its admission would violate his right to confront the person who made the statement. The State countered that the statement was not offered for the truth of the matter asserted—namely, the thief's identity—but rather to provide the information that set the victim's actions in motion, as would be done with any anonymous tip. The district court ruled that the license plate number was admissible. The court further stated that it did not regard the note as a testimonial statement under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and *State v. Romero*, 2006–NMCA–045, 139 N.M. 386, 133 P.3d 842, and found it admissible under Rule 11–803(A) NMRA as a statement of "present sense impression."

{4} Largely ignored by Defendant's brief in chief, Detective Salazar testified at trial that upon contacting Defendant at the house,

Defendant admitted to having possession of the CDs and asked the detective if charges could be dropped if he returned them. Detective Cain–Saul testified that Defendant made a statement to her in which he said that his girlfriend saw the CDs in the car next to his. He went to the passenger side of his own vehicle to unlock the door for his girlfriend, and as he returned to the driver's side, his girlfriend grabbed the CDs. He said "come on, let's go," and Defendant drove away. Detective Cain–Saul added that Defendant told her that he was not surprised at the arrival of the police because so many people had been in the parking lot to witness the incident. Defendant's girlfriend testified that it had been she and not Defendant who had stolen the CDs. The jury was instructed as to the use of a voluntary statement as well as accessory liability.

**The District Court's Admission of the Statement Was Not Error.**

*The Statement Is Not Testimonial; There Is No Confrontation Clause Violation.*

{5} Defendant claims that the admission of the note violates his right to confront and cross-examine the declarant. We review constitutional claims such as this de novo. *State v. Walters*, 2006–NMCA–071, ¶ 23, 139 N.M. 705, 137 P.3d 645, *rev'd on other grounds*, 2007–NMSC–050, 142 N.M. 644, 168 P.3d 1068; *State v. Lopez*, 2000–NMSC–003, ¶ 10, 128 N.M. 410, 993 P.2d 727. Under *Crawford*, "[t]he Confrontation Clause is always implicated when 'testimonial' statements of an absent witness are admitted." *Romero*, 2006–NMCA–045, ¶ 46, 139 N.M. 386, 133 P.3d 842 (citation omitted).

{6} Defendant asks us to review admission of the statement under *Crawford* as it has since been applied. *Crawford*, 541 U.S. 36, 124 S.Ct. 1354; *see, e.g., State v. Alvarez–Lopez*, 2004–NMSC–030, ¶¶ 20–22, 136 N.M. 309, 98 P.3d 699; *State v. Silva*, 2007–NMCA–117, ¶ 43, 142 N.M. 686, 168 P.3d 1110, *cert. granted*, 2007–NMCERT–008, 142 N.M. 436, 166 P.3d 1090. In *Silva*, this Court held that a statement given by the declarant to a girlfriend that he had killed someone at the defendant's behest was not a testimonial statement subject to the applica-

tion of *Crawford.* *Silva,* 2007–NMCA–117, ¶¶ 33, 43, 142 N.M. 686, 168 P.3d 1110. Specifically, we said that "[t]he statement was not given in connection with any official contact with the declarant, and was not given in such circumstances that the declarant might anticipate its preservation for later use to establish or prove past events potentially relevant to later criminal prosecution." *Id.* ¶ 41 (internal quotation marks and citation omitted). "We therefore do not view the statement as one given in a situation that would lead the declarant to have an objective belief that it would be available for use at a later trial, and [we] hold that the statement is not testimonial." *Silva,* 2007–NMCA–117, ¶ 41, 142 N.M. 686, 168 P.3d 1110; *see also Alvarez–Lopez,* 2004–NMSC–030, ¶ 23, 136 N.M. 309, 98 P.3d 699 (finding the admission of accusatory statements made to "acquaintances" not in violation of the Confrontation Clause).

{7} Similarly in this case, the anonymous declarant gave a note to the person whose CD folio had just been stolen from the car parked near the declarant's vehicle. The note was intended for the victim, and the use to which it would be put was solely at the victim's discretion. It was not solicited by or given to the police by the declarant, whose only apparent motive was helping the victim ascertain the identity of the thief. Because the statement is not testimonial, its admission is not barred by the Confrontation Clause.

### Present Sense Impression

{8} Hearsay is an out-of-court statement by a person offered into evidence to prove the truth of the matter asserted in the statement. *See* Rule 11–801(C) NMRA. A statement is an oral or written assertion. Rule 11–801(A)(1) NMRA. The assertion of the unknown witness concerning the burglary made to the victim who is then asked to testify about it is a statement, is hearsay, and absent an applicable exception to the hearsay rule is inadmissible. Rule 11–802 NMRA; Rule 11–803.

{9} We review the admission of evidence for abuse of discretion, noting that trial courts have broad latitude in exercising their discretion under this rule. *State v.*

*Salgado,* 1999–NMSC–008, ¶¶ 5, 6, 126 N.M. 691, 974 P.2d 661. Admission of a statement under the present sense impression exception requires meeting the following test: The statement must be made while the event or condition is being perceived by the declarant or immediately thereafter. *Id.* ¶ 5; Rule 11–803(A). It is immaterial that the declarant is unavailable to testify; it is immaterial that the declarant is unknown. The statement must be one that describes or explains the event or condition, and it must be made very close in time to the event that the statement describes. The judge must decide if the time element affects the statement's reliability and if there is any apparent motive to lie. *State v. Perry,* 95 N.M. 179, 180–81, 619 P.2d 855, 856–57 (Ct.App.1980) (noting that other considerations include the type of case, the availability of other evidence, details corroborating the statement, and the setting in which the statement arose). The statement may be in writing. *See State v. Hope,* 2001 MT 207, ¶ 14, 306 Mont. 334, 33 P.3d 629 (holding that "contemporaneous notes based on personal observations are admissible as recorded present sense impressions"), *postconviction relief granted by* 2003 MT 191, 316 Mont. 497, 74 P.3d 1039; Rules 11–801(A)(1), –803(A). In this case, the victim was handed the statement by a man who occupied a vehicle parked near the victim's car, who told the victim "they just left" when handing him the note. The tests for admitting this statement under the present sense impression exception are met. We can find no abuse of discretion in the court's ruling and turn to the constitutional issue.

### CONCLUSION

{10} There being no constitutional impediment to admitting a statement that falls squarely into the present sense impression exception to the hearsay rule, the district court did not err in admitting the statement. We affirm Defendant's convictions.

{11} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge, and IRA ROBINSON, Judge.