This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                          **NO. 30,714**

**JESUS CASTILLO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

    Defendant appeals his convictions for armed robbery, conspiracy to commit armed robbery, aggravated battery, and aggravated assault. In this Court's notice of

proposed summary disposition, we proposed to affirm. Defendant has responded with a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

**Voluntariness of Defendant's Statements to the Police**

Defendant contends that the district court erred in denying his motion to suppress evidence of certain statements he made to the police that he claims were involuntary. [*See* DS unnumbered page 2; RP 154-55; MIO 3-6] In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant responds by asserting that when he told the police that he would talk to them if his statements were "off the record," he meant that his statements would remain confidential—just between him and the police. He bases his arguments on citations to Wikipedia.org regarding "off the record" statements made to reporters. [MIO 5]

We find Defendant's argument to be unconvincing. First, it is clear that a potential source who gives a reporter information on the condition that it be "off the record" might reasonably expect that the reporter would keep the information to herself. It is quite different, however, when a person has been taken into custody by the police in relation to a number of crimes for which he is being investigated, and is given warnings specifically to inform him that anything he says will be used against him in court. [RP 154 (indicating that Defendant received *Miranda* warnings and

2

signed a "*Miranda* warning statement" prior to speaking with the police)] Furthermore, as we stated in our notice of proposed summary disposition, even if the police engaged in deception when they agreed with Defendant that his statements would be off the record, Defendant has provided no persuasive rationale or legal authority to support his assertion that this deception constituted coercion that rose to such a level that Defendant's will was overborne and his capacity for self-determination was critically impaired. *See State v. Evans*, 2009-NMSC-027, ¶ 46, 146 N.M. 319, 210 P.3d 216 (stating that police deception is not per se coercive). Therefore, we conclude that the district court did not err in denying Defendant's motion.

**Admission of Evidence for Impeachment Purposes**

Defendant contends that the district court erred in admitting the entire twenty-six page transcript of a witness's prior inconsistent statement for impeachment purposes. [DS unnumbered page 5] In our notice of proposed summary disposition, we proposed to find no reversible error, in part because Defendant had failed to provide this Court with any specifics about the evidence or any explanation of how he was prejudiced by its admission. We also noted that to the degree that we were able to evaluate Defendant's argument on its merits it appeared that the district court had not abused its discretion in admitting the statement, based on our Supreme Court's

opinion in *State v. Varela*, 1999-NMSC-045, ¶ 36, 128 N.M. 454, 993 P.2d 1280, which states that when a prior inconsistent statement is admitted at trial, the entire statement may be admitted and that the State need not show an inconsistency as to each and every statement.

In response, Defendant has purported to provide this Court with the information necessary to evaluate his claim by citing to a transcript in the record of an interview of Lorenzo Castillo. [MIO 7-10; RP 127-38] It is not clear why Defendant believes that this information will further his claim, since the transcript on which Defendant's claim of error is based is of an interview with a different witness, Javier Orozco. [RP unnumbered pages 4, 5; MIO 7] Accordingly, because Defendant has not met his burden of demonstrating on appeal that any of the statements contained in Javier Orozco's interview were prejudicial to him, he has failed to establish reversible error on this basis. *See Varela*, 1999-NMSC-045, ¶ 37 (declining to reverse based on the erroneous admission of a prior statement that was not actually inconsistent with the witness's trial testimony where the evidence was cumulative and the defendant therefore could not demonstrate that the error made a difference at his trial).

Furthermore, as we stated in our notice of proposed summary disposition, our Supreme Court has stated that when a prior inconsistent statement is admitted at trial, the entire statement may be admitted and the State need not show an inconsistency as

4

to each and every part of the statement. *See Varela*, 1999-NMSC-045, ¶ 36. Defendant does not provide any authority to suggest that *Varela*'s discussion of this issue is incorrect, no longer good law, or need not be followed by this Court for some reason. Instead Defendant points to *State v. Barr*, 2009-NMSC-024, ¶ 36, 146 N.M. 301, 210 P.3d 198, which explains that, pursuant to the rule of completeness as codified in Rule 11-106 NMRA, when a party introduces a portion of a statement and the opposing party seeks to introduce the remainder of the statement in order to correct misleading impression created by the selection of the decontextualized excerpt, only that portion of the remainder of the statement that is relevant and necessary to serve the purpose of such correction should be introduced. Here, however, it is clear that the evidence was not introduced pursuant to Rule 11-106. Here, the entire statement was introduced by the State to impeach Javier Orozco's in-court statement. No party sought to introduce only a portion of the statement that might be misconstrued unless completed. Accordingly, *Barr* and the other cases cited by Defendant that rely upon Rule 11-106 do not apply to this case. To the degree that Defendant believes that some of the principles discussed in *Barr* should apply equally to the circumstances of when a prior inconsistent statement has been introduced pursuant to Rule 11-613 NMRA, he has not expressly made this argument or provided any authority to support it. Therefore, even if we were to evaluate the merits of

5

Defendant's claim, we would apply *Varela*. *See* 1999-NMSC-045, ¶ 36.

**Admission of Observer's Statement Regarding Defendant's Approach**

Defendant contends that the district court erred in admitting a witness's testimony that an unknown person called out "Chuy's coming. Chuy's coming," after the witness heard gunshots and saw that Defendant was approaching him. [DS unnumbered pages 3, 5] In this Court's notice of proposed notice of summary disposition, we proposed to find no abuse of discretion in admitting this statement based on the district court's rationale that the statement came within the excited utterance exception to the rule against hearsay or, in the alternative, that it was admissible as within the exception for present sense impressions. Defendant responds by arguing that hearsay cannot be admitted when the identity of the declarant is unknown. [MIO 16-18] He cites no authority to support this proposition, and our case law is to the contrary. *See State v. Chavez*, 2008-NMCA-125, ¶ 9, 144 N.M. 849, 192 P.3d 1226 (stating that in ruling on the admissibility of a statement under the present sense exception to the rule against hearsay: "It is immaterial that the declarant is unavailable to testify; it is immaterial that the declarant is unknown."). We therefore conclude that the district court did not abuse its discretion.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**